Michael Kind, Esq.
Nevada Bar No.: 13903
**KIND LAW**
8860 South Maryland Parkway, Suite 106
Las Vegas, Nevada 89123
(702) 337-2322
(702) 329-5881 (fax)
mk@kindlaw.com

George Haines, Esq.
Nevada Bar No.: 9411
Gerardo Avalos, Esq.
Nevada Bar No.: 15171
**FREEDOM LAW FIRM**
8985 S. Eastern Ave., Suite 350
Las Vegas, Nevada 89123
(702) 880-5554
(702) 385-5518 (fax)
Ghaines@freedomlegalteam.com
*Attorneys for Plaintiff Jay Gelizon individually and on behalf of all others similarly situated*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| Jay Gelizon, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br> v.<br><br>Green Dot Corporation,<br><br>    Defendant. | Case No.:<br><br>**CLASS ACTION**<br><br>**Complaint for damages and injunctive relief pursuant to the Telephone Consumer Protection Act, 47 U.S.C. §§ 227, *et seq*.**<br><br>**Jury Trial Demanded** |

## INTRODUCTION

1. Jay Gelizon ("Plaintiff") brings this Class Action Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of Green Dot Corporation ("Green Dot" or "Defendant"), in negligently or knowingly and willingly sending unsolicited text messages to Plaintiff's cellular telephone for a commercial purpose despite Plaintiff's direct request to opt-out of such communications from Defendant, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*, ("TCPA"), thereby invading Plaintiff's privacy. Plaintiff alleges as follows upon personal knowledge as to his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331 (federal question jurisdiction).

3. This action arises out of Defendant's violations of the TCPA.

4. Defendant is subject to personal jurisdiction in Nevada, as it is registered with the Nevada Secretary of State and conducts business in Nevada, and communicated with Plaintiff for a commercial purpose in Nevada.

5. Venue is proper pursuant to 28 U.S.C. § 1391 because all the conduct giving rise to this complaint occurred in Nevada.

## PARTIES

6. Plaintiff is a natural person who resides in Clark County, Nevada.

7. Green Dot Corporation is a corporation doing business in the State of Nevada.

8. Green Dot is a financial technology and bank holding company that offers financial products and services to consumers.

9.   Unless otherwise indicated, the use of Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of the named Defendant.

## FACTUAL ALLEGATIONS

10.  The following is some of the information Plaintiff is currently aware of, and it is expected that after Plaintiff conducts discovery, these allegations will be bolstered and enhanced through discovery.

11.  At all times, Plaintiff had no business with Defendant.

12.  On November 2, 2020, Defendant sent a text message to Plaintiff's cellular telephone without Plaintiff's prior express written consent informing Plaintiff that he was now "subscribed to receive promotional text alerts from Green Dot."

13.  Plaintiff notified Defandant that he was electing to opt-out from receiving any future communications from Defendant. Specifically, Plaintiff replied with "STOP" as instructed in the opt-out disclosure included in Defendant's text communication.

14.  Defendant immediately sent another text message to Plaintiff's phone informing him that he had "...discontinued all text alerts from Green Dot and no more msgs [*sic*] will be sent."

15.  Despite conveying this information to Defendant, and Defendant's acknowledgment, Defendant then sent another text message to Plaintiff's cellular phone informing him that Defendant had verified Plaintiff's identity and mailed him "... a new card with your name on it."

16.  While the TCPA does not define "call," the FCC has explicitly stated that the TCPA's prohibition on ATDSs "encompasses both voice calls and text calls to wireless numbers. *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 952 (9th Cir. 2009).

17.    Upon information and belief, the texts were sent via an "automatic telephone dialing system," ("ATDS") as defined by 47 U.S.C. § 227 (a)(1).

18.    Upon information and belief, this telephone dialing equipment used by Defendant has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

19.    Further, upon information and belief, this telephone dialing equipment also has the capacity to dial telephone numbers stored in a database or as a list without human intervention.

20.    As a result of Defendant's aforementioned conduct, Plaintiff suffered an invasion of a legally protected interest in privacy, which is specifically addressed and protected by the TCPA.

21.    Defendant's communications forced Plaintiff and other similarly situated class members to live without the utility of their cellular phones by occupying their cellular telephone with one or more unwanted messages, causing a nuisance and lost time.

22.    The telephone number Defendant called was assigned to a cellular telephone service for which Plaintiff incurs a charge for cellular telephone service pursuant to 47 U.S.C. § 227(b)(1).

23.    The communications to Plaintiff were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A)(i).

24.    Defendant's messages to Plaintiff's cellular telephone number were unsolicited by Plaintiff and were placed without Plaintiff's prior express written consent.

## CLASS ACTION ALLEGATIONS

25.    Plaintiff brings this action on behalf of himself and on behalf of all Class Members of the proposed Class pursuant to Federal Rules of Civil Procedure 23(a) and (b)(3) and/or (b)(2).

26.  Plaintiff proposes to represent the following Class consisting of and defined as follows:

> All persons within the United States who received any text messages from Defendant or its agent(s) and/or employee(s), not for an emergency purpose, on said person's cellular telephone, made through the use of any automatic telephone dialing system within the four years prior to the filing of this Complaint.

27.  Alternatively, Plaintiff proposes to represent the following Class consisting of and defined as follows:

> All persons within the United States who received any text messages from Defendant or its agent(s) and/or employee(s), not for an emergency purpose, after receiving a message from "STOP" from said person's cellular telephone, and without thereafter receiving consent to send such text messages, made through the use of any automatic telephone dialing system within the four years prior to the filing of this Complaint.

28.  Green Dot and its employees or agents are excluded from the Class. Plaintiff does not know the number of members in the Class, but believes the Class members number in the several hundreds, if not more.  Thus, this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

29.  Plaintiff and members of the Class were harmed by the acts of Green Dot in at least the following ways: Green Dot, either directly or through its agents, illegally contacted Plaintiff and the Class members via their cellular telephones with unsolicited text messages and continued to send messages after being notified of their election to opt-out of communications, thereby causing Plaintiff and the Class members to incur certain cellular telephone charges or reduce cellular telephone time for which Plaintiff and the Class

members previously paid, and invading the privacy of Plaintiff and the Class members. Plaintiff and the Class members were damaged thereby.

30. This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of the Class and it expressly is not intended to request any recovery for personal injury and claims related thereto. Plaintiff reserves the right to expand the Class definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

31. The joinder of the Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the Court. The Class can be identified through Green Dot's records or Green Dot's agents' records.

32. There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact to the Class predominate over questions which may affect individual Class members, including the following:

    i.    Whether, during the proposed class period, Green Dot or its agent(s) sent any debt collection, marketing, and artificial or prerecorded text messages to the Class (other than a message made for emergency purposes or made with the prior express consent of the contacted party) using any automatic telephone dialing system to any telephone number assigned to a cellular telephone service;

    ii.    Whether Plaintiff and the Class members were damaged thereby, and the extent of damages for such violation; and

    iii.    Whether Green Dot and its agents should be enjoined from engaging in such conduct in the future.

33.     As a person that received at least one unsolicited text message via an ATDS to his cell phone without prior express written consent, Plaintiff is asserting claims that are typical of the Class.   Plaintiff will fairly and adequately represent and protect the interests of the Class in that Plaintiff has no interests antagonistic to any member of the Class.

34.     Plaintiff and the members of the Class have all suffered irreparable harm as a result of the Green Dot's unlawful and wrongful conduct.  Absent a class action, the Class will continue to face the potential for irreparable harm.  In addition, these violations of law will be allowed to proceed without remedy and Green Dot will likely continue such illegal conduct.  Because of the size of the individual Class member's claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of herein.

35.     Plaintiff has retained counsel experienced in handling class action claims and claims involving violations of the Telephone Consumer Protection Act.

36.     A class action is a superior method for the fair and efficient adjudication of this controversy.  Class-wide damages are essential to induce Green Dot to comply with federal and Nevada law. The interest of Class members in individually controlling the prosecution of separate claims against Green Dot is small because the maximum statutory damages in an individual action for violation of privacy are minimal. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

37.     Green Dot has acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the Class as a whole.

**FIRST CAUSE OF ACTION**

**NEGLIGENT VIOLATIONS OF THE**
**TELEPHONE CONSUMER PROTECTION ACT**
**47 U.S.C. § 227 ET SEQ.**

38.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

39.    `Green Dot`'s unsolicited text messages to Plaintiff's cellular phone without any prior express consent constitute multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 *et seq*.

40.    As a result of Green Dot's negligent violations of 47 U.S.C. § 227 *et seq*., Plaintiff and the Class are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

41.    Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

**SECOND CAUSE OF ACTION**

**KNOWING AND/OR WILLFUL VIOLATIONS OF THE**
**TELEPHONE CONSUMER PROTECTION ACT**
**47 U.S.C. § 227 *ET SEQ*.**

42.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

43.    `Green Dot` sent unsolicited text messages to Plaintiff's cellular telephone without being in any business relationship or contract. Furthermore, after Green Dot was explicitly told to not contact Plaintiff, Green Dot continued to contact Plaintiff's cellular telephone.

44.    `Green Dot`'s actions constitute multiple knowing and/or willful violations of the TCPA, including, but not limited to, each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

45.    As a result of Green Dot's knowing and/or willful violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and each of the Class members are entitled to treble damages, as provided by statute, up to $1,500.00, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

46.    Plaintiff and the Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## PRAYER FOR RELIEF

47.    Wherefore, Plaintiff respectfully requests the Court to grant Plaintiff and the Class members the following relief against Green Dot:

## FIRST CAUSE OF ACTION FOR NEGLIGENT VIOLATION OF THE TCPA, 47 U.S.C. § 227 *ET SEQ.*

48.    As a result of Green Dot's negligent violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for himself and each Class member $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

49.    Pursuant to 47 U.S.C. § 227(b)(3)(A), Plaintiff seeks injunctive relief prohibiting such conduct in the future.

50.    Any other relief the Court may deem just and proper.

## SECOND CAUSE OF ACTION FOR KNOWING AND/OR WILLFUL VIOLATION OF THE TCPA, 47 U.S.C. § 227 *ET SEQ.*

51.    As a result of Green Dot's willful and/or knowing violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for himself and each Class member treble damages, as provided by statute, up to $1,500.00 for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

52.    Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.

**Trial By Jury**

53.     Pursuant to the seventh amendment to the Constitution of the United States
        of America, Plaintiff is entitled to, and requests, a trial by jury.


Date: February 25, 2021

                                    Respectfully submitted,

                                    **KIND LAW**

                                     /s/ Michael Kind
                                    Michael Kind, Esq.
                                    8860 South Maryland Parkway, Suite 106
                                    Las Vegas, Nevada 89123

                                    **FREEDOM LAW FIRM**

                                     /s/ Geroge Haine
                                    George Haines, Esq.
                                    Gerardo Avalos, Esq.
                                    8985 S. Eastern Ave., Suite 350
                                    Las Vegas, Nevada 89123
                                    *Attorneys for Plaintiff Jay Gelizon*